UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:23-CR-87-TAV-JEM |
| | ) |
| TARIUS S. MYERS, SR., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This case is before the undersigned on Defendant Tarius Myers's Motion to Suppress Codefendant Statements or, in the Alternative, for Severance [Doc. 57]. 28 U.S.C. § 636(b). The Indictment charges Defendant Myers along with three named codefendants and one or more unnamed others with conspiring to distribute fentanyl (Count One) [Doc. 3 p. 1]. It also charges Defendant Myers, Codefendant Alison Grace, and an unnamed person with conspiring to distribute methamphetamine (Count Two) and fentanyl (Count Three) [*Id*. at 2–3]. Further, the Indictment charges Defendants Myers and Grace with possessing a firearm in furtherance of drug trafficking (Count Four) [*Id*. at 3]. All four counts allegedly occurred between May 1 to May 20, 2022 [*Id*. at 1–3].

Defendant Myers moves the Court to suppress statements made by his codefendants or, alternatively, to sever him for a separate trial on all counts [Doc. 57 p. 1]. He asserts that two codefendants made statements to law enforcement that incriminate him and that admission of these statements in a joint trial would violate his rights under the Confrontation Clause pursuant to *Bruton v. United States*, 391 U.S. 123, 136–37 (1968) [*Id*.]. The Government responds in opposition, contending that the charged defendants are properly joined for trial and that

Defendant's severance motion is premature [Doc. 63 pp. 3–4]. It asserts that whether any codefendants will testify at trial is unsettled, that the codefendants' statements may be redacted to remove any reference to Defendant, and that it will not seek to admit any statements in violation of *Bruton* [*Id*. at 4].

I.   ANALYSIS

Severance of jointly indicted defendants for separate trials "is an extraordinary remedy, employed only to alleviate 'a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v. Powell*, No. 20-1782, 2021 WL 613416, at *2 (6th Cir. Jan. 4, 2021) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)); *United States v. Tisdale*, 980 F.3d 1089, 1094 (6th Cir. 2020) (observing that "severance is not the norm"). Joint trials are favored because they are more efficient and reduce the risk of inconsistent verdicts. *Tisdale*, 980 F.3d at 1094 (citations omitted).

Defendant Myers argues that the preference for joint trials must give way in his case because a joint trial would violate his rights under the Confrontation Clause [Doc. 57 p. 1]. He asserts that a joint trial with Codefendants Grace and Brown, who gave statements to law enforcement that incriminate him, would deny his right to confront his accusers if their statements are introduced and they elect not to testify [*Id*.]. Accordingly, Defendant asks the Court to order that the Government may not introduce the incriminating, out-of-court statements of Grace and Brown or of any other witness who is not subject to cross-examination at trial [*Id*. at 2]. Alternatively, relying on Federal Rule of Criminal Procedure 14(a), Defendant requests that the Court sever him for a separate trial on all counts because a joint trial would be unduly prejudicial [*Id*.].

Rule 14 of the Federal Rules of Criminal Procedure permits severance of properly joined defendants[1] if the joinder "appears to prejudice a defendant or the government[.]" Fed. R. Crim. P. 14(a). In assessing the propriety of severance under Rule 14, the Court must balance the public's interest in avoiding multiple trials with the defendant's interest in a fair trial. *United States v. Wirsing*, 719 F.2d 859, 864–65 (6th Cir. 1983). The party asserting prejudice bears a "heavy burden." *United States v. Deitz*, 577 F.3d 672, 693 (6th Cir. 2009). Severance should be granted only if a defendant can show "substantial," "undue," or "compelling" prejudice. *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992) (quoting tests from Sixth Circuit cases). Severance under Rule 14(a) is appropriate to alleviate "'a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v. Serrano-Ramirez*, 811 F. App'x 327, 335 (6th Cir. 2020) (quoting *Zafiro*, 506 U.S. at 539). In this regard, "'juries are presumed capable of sorting evidence and considering separately each count and each defendant.'" *United States v. Carver*, 470 F.3d 220, 238 (6th Cir. 2006) (*United States v. Welch*, 97 F.2d 142, 147 (6th Cir. 1996)).

Defendant alleges a joint trial is prejudicial because of the potential for a *Bruton* violation [Doc. 57 p. 2]. "The Confrontation Clause protects defendants from the introduction at trial of incriminating out-of-court statements made by nontestifying codefendants." *United States v. Reed*, 72 F.4th 174, 186 (6th Cir. 2023) (citing *Bruton*, 391 U.S. at 136–37). "An accused is

---

[1] Defendant does not allege that he and his codefendants are improperly joined for trial, and it appears that Defendants are properly joined for trial. Two or more defendants may be joined for trial "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transaction, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "[D]efendants may be charged in one or more counts together or separately[,]" and "[a]ll defendants need not be charged in each count." *Id*. The Indictment alleges that Defendant Myers conspired with one or more of his codefendants to distribute controlled substances over a twenty-day period in 2022.

3

deprived of his rights under the Confrontation Clause when the confession of a nontestifying codefendant that implicates the accused is introduced into evidence at their joint trial." *United States v. Cope*, 312 F.3d 757, 780 (6th Cir. 2002) (citing *Bruton*, 391 U.S. at 137). A *Bruton* violation is not cured by instructing the jury to consider the statement only as to the codefendant who made it. *Id*.

As argued by the Government [Doc. 63 pp. 3–4], a potential *Bruton* problem is resolved if the codefendant making the statement testifies and is thereby subject to cross-examination or if the nontestifying codefendant's statement can be redacted to remove all reference to Defendant. *United States v. Bailey*, Nos. 19-2280, 19-2281, 19-2354 & 20-1235, 2022 WL 2444930, at *15 (6th Cir. July 5, 2022) (observing that a *Bruton* issue is cured when the government redacts "'all reference' to anyone other than the confessing defendant" and the court provides a limiting instruction (quoting *Richardson v. Marsh*, 481 U.S. 200, 211 (1987))), *cert denied*, 143 S. Ct. 340 (2022); *United States v. Gills*, 702 F. App'x 367, 382 (6th Cir. 2017) (holding that in a multi-defendant trial, a nontestifying codefendant's statement may be admitted "where the confessing defendant testifies, or where the confession does not implicate any co-defendant" (citing *Cruz v. New York*, 481 U.S. 186, 190 (1987))). The "'Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence.'" *Bailey*, 2022 WL 2444930, at *15 (quoting *Richardson*, 481 U.S. at 211). "A redaction which simply replaces a name with an obvious blank space or a word such as 'deleted' still violates the Confrontation Clause." *Id*. (quoting *Gray v. Maryland*, 523 U.S. 185, 192 (1998)) (cleaned up). But a redaction that eliminates any reference to the

defendant and incriminates only when connected to other evidence does not. *Id.*; *United States v. Alkufi*, 636 F. App'x 323, 334 (6th Cir. 2016) (citations omitted).

At a motion hearing regarding a trial continuance on February 8, 2024, defense counsel agreed with the Government's position in its response that Defendant's motion for severance is premature because whether any codefendants will testify is unclear. At the evidentiary hearing on February 27, 2024, Defendant did not present argument on his severance motion. In its response, the Government affirmatively states that it is aware of the *Bruton* issue as it relates to all defendants and does not intend to offer any statements at trial in violation of existing case law or the Confrontation Clause" [Doc. 63 p. 4]. Based upon these statements by the parties, the undersigned finds it unclear whether codefendants' statements may contravene *Bruton* and that severance is not appropriate at this time. The Court sets out a procedure below for review of redacted statements in time for Defendant to raise any *Bruton* issues in a motion *in limine*.

## II. CONCLUSION

Defendant Myers fails to demonstrate undue prejudice from a joint trial with his codefendants or to show that codefendant statements cannot be properly redacted. Accordingly, the Court **ORDERS** as follows:

(1) Defendant Tarius Myers's Motion to Suppress Codefendant Statements or, in the Alternative, for Severance [**Doc. 57**] is **DENIED**;

(2) the Government is **ORDERED** to produce any proposed, redacted statements by nontestifying codefendants to defense counsel for all Defendants proceeding to trial **three weeks before the trial date**, which is currently set for **June 11, 2024** [*See* Doc. 65 p. 4];

(3) Defendants may challenge redacted statements **by the deadline for motions in limine**, which is currently set for **May 24, 2024** [*Id.*]; and

(4) the Government shall respond to a motion regarding the proposed, redacted statements within **three business days** following the filing of the motion.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge